## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| **ORTHOSIE SYSTEMS, LLC,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | CIVIL ACTION NO.: 4:16-cv-855 |
| | § | |
| **LYTX, INC.** | § | **JURY TRIAL DEMANDED** |
| | § | |
| | § | |
| *Defendant*. | § | |
| | § | |

### ORIGINAL ANSWER, DEFENSES, AND COUNTERCLAIMS OF LYTX, INC.

Defendant Lytx, Inc. ("Lytx") sets forth its Original Answer, Affirmative Defenses, and Counterclaims to the numbered paragraphs of Plaintiff Orthosie Systems, LLC's ("Orthosie" or "Plaintiff") November 8, 2016 Complaint ("Complaint"). Lytx denies that Orthosie is entitled to the relief requested, or any other relief. Lytx further denies each and every allegation contained in the Complaint, except as expressly stated below. Any factual allegation in the Complaint is admitted below only as to the specific admitted facts, and not as to any purported conclusions, characterizations, implications, or speculations that arguably follow from the facts as admitted.

### ORIGINAL ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT

1. Lytx admits that Orthosie filed a complaint against Lytx alleging patent infringement in the Eastern District of Texas. Lytx denies that Orthosie's claims have any factual or legal merit and denies the remaining allegations in paragraph 1.

### PARTIES

2. Lytx is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint and, on that basis, denies

such allegations.

3.      To the extent that the allegations of Paragraph 3 set forth legal conclusions, no response is required. Lytx admits it is a corporation organized under the laws of the State of Delaware with its U.S. headquarters located at 9785 Towne Centre Dr., San Diego, CA 92121. Lytx further admits that National Registered Agents, Inc., 1999 Bryan St., Suite 900, Dallas, TX 75201, is a registered agent of Lytx for certain purposes. Lytx denies the remaining allegations of Paragraph 3.

## JURISDICTION AND VENUE

4.      Lytx admits that the Complaint purports to allege an action under the patent laws of the United States, Title 35 of the United States Code. Lytx admits that pursuant to 28 U.S.C. §§ 1331 and 1338(a) the Court has subject matter jurisdiction over actions arising under the Patent Act, 35 U.S.C. §§ 101 *et seq.*, but denies the remaining allegations of Paragraph 4 of the Complaint.

5.      Lytx admits that venue exists in this district, but denies that this district is the most convenient venue for litigation of the claims in the Complaint and reserves the right to assert a change of venue under 28 U.S.C. § 1404 and pursuant to the Supreme Court's decision, when issued, in *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 821 F.3d 1338 (Fed. Cir. 2016), *cert. granted*, ___ U.S. ___, 2016 WL 4944616 (2016). Lytx denies the remaining allegations of Paragraph 5.

6.      The phrases "substantial business," "forum," "persistent courses of conduct," and "deriving substantial revenue" are vague, and on that basis, Lytx denies the allegations of Paragraph 6 of the Complaint and specifically denies that it committed, has committed, or commits any acts of infringement within this District or elsewhere.

7.      Lytx denies and/or lacks knowledge or sufficient information to form a belief

as to the truth of (and thus further denies) the allegations of Paragraph 7.

8.     Lytx denies and/or lacks knowledge or sufficient information to form a belief as to the truth of (and thus further denies) the allegations of Paragraph 8.

9.     Lytx denies that the Eastern District of Texas is a convenient or an appropriate venue for this action, and denies committing any acts of infringement at any time. Lytx denies and/or lacks knowledge or sufficient information to form a belief as to the truth of (and thus further denies) the remaining allegations of Paragraph 9.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 7,430,471

10.     Lytx admits that U.S. Patent No. 7,430,471 ("the '471 Patent") on its face states an issue date of September 30, 2008, and is entitled "Method and System for Monitoring a Vehicle."  Lytx admits that what appears to be a copy of the '471 Patent is attached as Exhibit A to the Complaint.  Lytx denies that the '471 Patent is valid or enforceable and denies the remaining allegations of Paragraph 10 of the Complaint.

11.     Lytx admits that it markets and sells fleet tracking solution technology, which may include Lytx's DriveCam devices. Lytx denies the remaining allegations of Paragraph 11 of the Complaint.

12.     Lytx admits that it markets and sells fleet tracking solution technology, which may include fleet management software platforms. Lytx denies the remaining allegations of Paragraph 12 of the Complaint.

13.     Lytx admits that it markets and sells fleet tracking solution technology, which may include both Lytx's DriveCam devices and fleet management software platforms. Lytx denies the remaining allegations of Paragraph 13 of the Complaint.

14.     Lytx admits that it markets and sells fleet tracking solution technology, which may include both Lytx's DriveCam devices and fleet management software platforms. Lytx

denies the remaining allegations of Paragraph 14 of the Complaint.

15.     The allegations in paragraph 15 set forth legal conclusions for which no response is required. To the extent a response is required, Lytx denies the allegations in paragraph 15.

16.     The allegations in paragraph 16 set forth legal conclusions for which no response is required. To the extent a response is required, Lytx denies the allegations in paragraph 16.

17.     The allegations in paragraph 17 set forth legal conclusions for which no response is required. To the extent a response is required, Lytx denies the allegations in paragraph 17.

18.     The allegations in paragraph 18 set forth legal conclusions for which no response is required. To the extent a response is required, Lytx denies the allegations in paragraph 18.

19.     The allegations in paragraph 19 set forth legal conclusions for which no response is required. To the extent a response is required, Lytx denies the allegations in paragraph 19.

20.     The allegations in paragraph 20 set forth legal conclusions for which no response is required. To the extent a response is required, Lytx denies the allegations in paragraph 20.

21.     The allegations in paragraph 21 set forth legal conclusions for which no response is required. To the extent a response is required, Lytx denies the allegations in paragraph 21.

22.     The allegations in paragraph 22 set forth legal conclusions for which no

response is required. To the extent a response is required, Lytx denies the allegations in paragraph 22.

23.     The allegations in paragraph 23 set forth legal conclusions for which no response is required. To the extent a response is required, Lytx denies the allegations in paragraph 23.

24.     The allegations in paragraph 24 set forth legal conclusions for which no response is required. To the extent a response is required, Lytx denies the allegations in paragraph 24.

25.     The allegations in paragraph 25 set forth legal conclusions for which no response is required. To the extent a response is required, Lytx denies the allegations in paragraph 25.

26.     Lytx denies the allegations contained in Paragraph 26 of the Complaint and specifically denies that it infringed, has infringed, or infringes any claims of the '471 Patent.

## JURY DEMAND

Orthosie's demand for a trial by jury does not require a response by Lytx.

## RESPONSE TO ORTHOSIE'S PRAYER FOR RELIEF

Lytx denies that Orthosie is entitled to any relief whatsoever, including but not limited to the relief sought in Paragraphs (a) through (f) of Orthosie's Prayer for Relief.

## AFFIRMATIVE DEFENSES

Lytx incorporates by reference as if fully set forth herein its responses to Paragraphs 1–26 of Orthosie's Complaint.  To the extent not expressly admitted above, the factual allegations contained in the Complaint are denied.  Without assuming any burden other than that imposed by operation of law and without reducing or removing Orthosie's burdens of proof on its affirmative claims, Lytx alleges and asserts the following defenses in response to Orthosie's Complaint,

undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.  In addition, Lytx specifically reserves all rights to allege additional defenses that become known through the course of discovery.

### FIRST AFFIRMATIVE DEFENSE

(Inadequate Evidence of Ownership)

27.     Orthosie has failed to provide adequate evidence of ownership of the '471 Patent.

### SECOND AFFIRMATIVE DEFENSE

(Failure to State a Claim)

28.     Orthosie has failed to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

(Non-Infringement)

29.     Lytx did not infringe, has not infringed, and does not infringe, either literally or under the doctrine of equivalents, any valid and enforceable claim of the '471 Patent, whether directly, indirectly, contributorily, by inducement, willfully, or otherwise.

### FOURTH AFFIRMATIVE DEFENSE

(Invalidity)

30.     The claims of the '471 Patent are invalid for failure to comply with one or more of the statutory requirements of or conditions for patentability specified by 35 U.S.C. §§ 101, *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or one or more paragraphs of § 112, and the rules and laws pertaining to those provisions.

31.     For example, at least under Orthosie's apparent constructions,  Claims 1 and 15 of the '471 Patent are each anticipated or would have been obvious to a person having ordinary skill in the art in view of, among others, U.S. Patent No. 5,961,571 ("Gorr") (issued

Oct. 5, 1999) entitled "Method and Apparatus for Automatically Tracking the Location of Vehicles."

32.    As another example, at least under Orthosie's apparent constructions, Claims 1 and 15 of the '471 Patent are each anticipated or would have been obvious to a person having ordinary skill in the art in view of, among others, U.S. Patent No. 6,108,591 ("Segal") (issued Aug. 22, 2000) entitled "Method and Apparatus for Validating Vehicle Operators."

33.    As yet another example, the claims of the '471 Patent are invalid under 35 U.S.C. § 101 because they claim nothing more than an abstract idea and add nothing inventive to the underlying abstract idea.  The claims, therefore, do not recite patent-eligible subject matter under 35 U.S.C. § 101. Additionally, the elements of Claims 1 and 15 of the '471 Patent are not tied to a particular novel machine or apparatus, nor do they transform a particular article into a different state or thing.

## FIFTH AFFIRMATIVE DEFENSE

### (Prosecution History Estoppel and Disclaimer)

34.    Orthosie is precluded from construing any valid claim of the '471 Patent to be infringed, literally or under the Doctrine of Equivalents, due to admissions, arguments, amendments, representations, and/or statements made to the U.S. Patent and Trademark Office (a) during prosecution of the '471 Patent, (b) in the specification and claims of the '471 Patent, and/or (c) during the prosecution of patents and applications related to the '471 Patent, as well as post-grant proceedings regarding same.

## SIXTH AFFIRMATIVE DEFENSE

### (Laches and Equitable Doctrines)

35.    Orthosie's claims for relief are barred, in whole or in part, by the doctrine of laches.  The '471 Patent issued more than five years before the filing of this suit, and Orthosie

and its alleged predecessor(s)-in-interest to the '471 Patent knew or should have known of the activities by Lytx during that time period.  Orthosie and the alleged predecessor(s)-in-interest to the '471 Patent have inexcusably and unreasonably delayed in bringing a patent infringement action against Lytx.  Their delay has resulted in material prejudice to Lytx.

36.     Orthosie's claims for relief are barred, in whole or in part, by the doctrines of acquiescence, estoppel, waiver, patent misuse, and/or unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

(Limitation on Damages)

37.     Orthosie's claims for relief are statutorily limited in whole or part by 35 U.S.C. § 286.

## EIGHTH AFFIRMATIVE DEFENSE

(Costs)

38.     Orthosie is precluded by 35 U.S.C. § 288 from recovering costs associated with its action.

## NINTH AFFIRMATIVE DEFENSE

(No Entitlement to Injunctive Relief)

39.     Orthosie is not entitled to injunctive relief under *eBay v. MercExchange, LLC*, 126 S. Ct. 1837, 547 U.S. 388 (2006) because, *inter alia*, any alleged injury to Orthosie would not be immediate or irreparable, Orthosie would have an adequate remedy at law, and the balance of hardships does not warrant injunctive relief.

40.     The '471 Patent also expired due to nonpayment of maintenance fees under 37 CFR 1.362.

## COUNTERCLAIMS

Counterclaim Plaintiff Lytx, Inc. ("Lytx"), as and for its counterclaims against Counterclaim Defendant Orthosie Systems, LLC's ("Orthosie") states as follows:

## PARTIES

1.      Lytx is a corporation organized under the laws of the State of Delaware with its U.S. headquarters located at 9785 Towne Centre Dr., San Diego, CA 92121.

2.      Upon information and belief, and as alleged in its Complaint, Orthosie is a Texas limited liability company with a principal place of business at 1333 W. McDermott Drive, Suite 200, Allen, Texas 75013.

## JURISDICTION AND VENUE

3.      If subject matter jurisdiction is proper for Orthosie's claims, this Court has jurisdiction over these Counterclaims pursuant to, and without limitation, 28 U.S.C. §§ 1331, 1337, 1338(a), 1367, 2201, and 2202, of the Patent Laws of the United States, 35 U.S.C. § 100 *et seq*.

4.      This Court has personal jurisdiction over Orthosie because, by filing its Complaint in this District, Orthosie has affirmatively sought and consented to the personal jurisdiction of this Court.

5.      Orthosie has consented to venue in this Court by filing its Complaint against Lytx in this District.  Accordingly, venue for Lytx's counterclaims is proper in this District under 28 U.S.C. §§ 1391 and 1400.  Furthermore, by maintaining its Complaint, Orthosie has waived any objection it might have or make to venue over Lytx's Counterclaims.  However, venue is convenient in this District only because these are Counterclaims.  Otherwise, venue would be more appropriate and convenient in another district.

6.      By its Complaint, Orthosie purports to assert a claim against Lytx for

infringement of the '471 Patent.

7.      Lytx denies Orthosie's claims of infringement of the '471 Patent, and Lytx contends that the asserted claims of the '471 Patent are invalid under Title 35 of the United States Code.

8.      An actual and justiciable controversy has arisen and now exists between Lytx and Orthosie as to the non-infringement and invalidity of the '471 Patent.

**FIRST COUNTERCLAIM –
DECLARATORY JUDGMENT OF NON-INFRINGEMENT**

9.      To the extent not inconsistent, Lytx incorporates by reference the allegations of its Original Answer, Affirmative Defenses, and Counterclaims as if fully set forth herein.

10.     Lytx did not infringe, has not infringed, and does not infringe, either literally or under the doctrine of equivalents, any valid and enforceable claim of the '471 Patent, whether directly, indirectly, contributorily, by inducement, willfully, or otherwise, and Lytx seeks a declaration to that effect.

11.     For example, Claims 1 and 15 of the '471 Patent require "transmitting any received operator identification information to the control center" and  "determining whether an operator identification was received within a time interval of the detected movement or activation of the vehicle." Lytx's fleet tracking solution technology, including Lytx's DriveCam devices and fleet management software platforms, do not perform these steps.

**SECOND COUNTERCLAIM –
DECLARATORY JUDGMENT OF INVALIDITY**

12.     To the extent not inconsistent, Lytx incorporates by reference the allegations of its Original Answer, Affirmative Defenses, and Counterclaims as if fully set forth herein.

13.     The claims of the Patent-in-Suit are invalid for failure to comply with one or more of the statutory requirements of or conditions for patentability specified by 35 U.S.C.

§§ 101, *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or one or more paragraphs of § 112, and the rules and laws pertaining to those provisions, and Lytx seeks a declaration to that effect.

14.     For example, at least under Orthosie's apparent constructions, Claims 1 and 15 of the '471 Patent are each anticipated or would have been obvious to a person having ordinary skill in the art in view of, among others, U.S. Patent No. 5,961,571 ("Gorr") (issued Oct. 5, 1999) entitled "Method and Apparatus for Automatically Tracking the Location of Vehicles."

15.     The '571 Patent discloses a landmark recognition unit 67 that operates to determine whether the present portion of the edge strip matches the descriptions of any landmark or target information stored in a landmark database memory 69. In one embodiment of the invention, the landmark recognition unit 67 is provided by an artificial neural network simulator. In addition, the landmark database 69 includes a set of network weights that are pretrained or predetermined before operating the system in real time to locate the associated vehicle. '571 at 18:19-27.

16.     As another example, at least under Orthosie's apparent constructions, Claims 1 and 15 of the '471 Patent are each anticipated or would have been obvious to a person having ordinary skill in the art in view of, among others, U.S. Patent No. 6,108,591 ("Segal") (issued Aug. 22, 2000) entitled "Method and Apparatus for Validating Vehicle Operators."

17.     The '591 Patent discloses a method and apparatus for identifying and validating vehicle operators to multiple electronic systems, such as fleet management centers and electronic monitoring systems, in a communication system. In one embodiment, to request a login to the validation system, a vehicle operator must enter his unique identification

code via a user input device onboard a vehicle. Once the vehicle operator has been verified by the database at the central station as being a valid operator, a corresponding vehicle operator status is changed to "logged in" at the database. '591 at 2:47-52.

18.     As another example, at least under Orthosie's apparent constructions, both Claims 1 and 15 of the '471 Patent recite "determining whether an operator identification was received within a time interval of the detected movement or activation of the vehicle." However, the '471 Patent specification fails to sufficiently describe the phrase "within a time interval" to reasonably convey to a person of ordinary skill that the inventor had possession of the claimed subject matter as of the claimed priority date and fails to enable a person of ordinary skill in the art to practice this limitation as of the claimed priority date. The phrase "within a time interval" is unclear as to what defines an acceptable time interval.

19.     As yet another example, the claims of the '471 Patent are invalid under 35 U.S.C. § 101 because they claim nothing more than an abstract idea and add nothing inventive to the underlying abstract idea.  The claims, therefore, do not recite patent-eligible subject matter under 35 U.S.C. § 101. Additionally, the elements of Claims 1 and 15 of the '471 Patent are not tied to a particular novel machine or apparatus, nor do they transform a particular article into a different state or thing.

## THIRD COUNTERCLAIM – EXCEPTIONAL CASE

20.     Lytx realleges and incorporates by reference the allegations set forth in Paragraphs 1-19 above as if fully set forth herein.

21.     Orthosie is aware that Lytx's products do not infringe the '471 Patent, at least in part, based on evidence Lytx provided including a declaration indicating Orthosie's claims are unsupported.

22.     Orthosie has nonetheless continued to pursue its claims without an evidentiary basis.

23.     This case is therefore an "exceptional case" as contemplated by 35 U.S.C. § 285. As a result of Plaintiff's continued prosecution of this baseless action, Lytx is entitled to recover its attorneys' fees and costs incurred in connection with this action.

## DEFENDANT'S PRAYER FOR RELIEF

Lytx, reserving its right to amend the pleadings to add additional counterclaims and defenses, if warranted by discovery, prays for the following relief:

A.   A declaration that Lytx did not infringe, has not infringed, and does not infringe any claim of the '471 Patent.

B.   A declaration that the claims of the '471 Patent are invalid.

C.   An order dismissing Orthosie's Complaint with prejudice, and adjudging that Orthosie take nothing by its Complaint;

D.   An order declaring that Lytx is the prevailing party and that this case is an exceptional case under 35 U.S.C. § 285, and an award to Lytx of its costs and attorneys' fees in connection with this action;

E.   An injunction against Orthosie and its affiliates, subsidiaries, assigns, employees, agents, or anyone acting in privity or concert with Orthosie from charging infringement or instituting any legal action for infringement of the '471 Patent or any related patent against Lytx or anyone acting in privity with Lytx; and

F.   Such other and further relief, whether legal, equitable, or otherwise, as the Court deems just and proper.

## DEFENDANT'S DEMAND FOR JURY TRIAL

Lytx hereby demands a trial by jury of all issues so triable.

March 14, 2017                         Respectfully submitted,

                                       By: */s/ Richard Zembek*
                                           Richard Zembek
                                           State Bar No. 00797726
                                           Attorney-in-Charge
                                           richard.zembek@nortonrosefulbright.com

                                           Brett A. McKean
                                           State Bar No. 24057994
                                           brett.mckean@nortonrosefulbright.com
                                       NORTON ROSE FULBRIGHT US LLP
                                       1301 McKinney Street, Suite 5100
                                       Houston, TX 77010
                                       Tel: 713.651.5151
                                       Fax: 713.651.5246

                             ***COUNSEL FOR LYTX, INC.***

                             **<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that on March 14, 2017, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.  Any other counsel of record will be served in accordance with the Federal Rules of Civil Procedure.

                                       */s/ Brett A.  McKean*